UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH VARNAU, individually and as the personal representative of the Estate of Arlene Varnau, deceased,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS OF CANADA LTD, a Canadian corporation; GRAND HAVEN STAMPED PRODUCTS COMPANY, a Michigan corporation; TELEFLEX INCORPORATED, a Pennsylvania corporation; KONGS BERG AUTOMOTIVE HOLDING ASA, a Norwegian company; and KONGSBERG POWER PRODUCTS SYSTEM V, LTD, a Texas company,<br><br>Defendants. | CASE NO. C10-417RSM<br><br>ORDER ON MOTION TO DISMISS AND MOTION FOR JURISDICTIONAL DISCOVERY |

This matter is now before the Court for consideration of a motion to dismiss for lack of personal jurisdiction filed by defendant General Motors of Canada, Ltd. ("GM Canada"), together with a motion by plaintiff for leave to conduct jurisdictional discovery. Dkt. ## 10, 19. Each party has opposed the other's motion. Having fully considered the parties' memoranda and applicable case law, the Court has determined to continue the motion to dismiss, to allow for a limited period of jurisdictional discovery.

ORDER - 1

## FACTUAL BACKGROUND

This product liability action arises from the automobile-related death of plaintiff's wife. Plaintiff filed suit in King County Superior Court, naming GM of Canada, a foreign limited liability company with its principal place of business in Ontario, Canada, as one of several defendants. The 2007 Chevrolet which is the subject of this action was assembled at GM Canada's assembly plant at Oshawara, Ontario. Affidavit of Matthew Crossley, Dkt. # 12, ¶ 3. All defendants joined in removing the case to this Court on the basis of the parties' diversity, and GM of Canada then filed a motion to dismiss for lack of personal jurisdiction. Plaintiff has opposed the motion and has asked for leave to conduct jurisdictional discovery. Defendant has opposed that motion, asserting that plaintiff's belief that he can establish personal jurisdiction is based purely on speculation.

## ANALYSIS

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the Court has jurisdiction over the defendant. *See Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir.2003). However, this demonstration requires that the plaintiff "make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Doe v. Unocal Corp.,* 248 F.3d 915, 922 (9th Cir.2001) (internal citations omitted). Moreover, for the purpose of this demonstration, the Court resolves all disputed facts in favor of the plaintiff. *Id*.

The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Fireman's Fund Ins. Co. v. National Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir.1996). Jurisdictional inquiries under state law and federal due process merge into one analysis when the state's long-arm statute is "co-extensive with federal due process requirements." *Roth v. Garcia Marquez*, 942 F. 2d 617, 620 (9th Cir. 1991). By statute, Washington permits the assertion of general jurisdiction over a foreign defendant "doing business" within the state. RCW 4.28.080(10). The Washington courts have ruled that the "doing business" requirement "subsumes the due process requirement." *Hartley v. American Contract Bridge League*, 61 Wash. App. 600, 605 (1991); *citing Hein v. Taco Bell*, 60 Wash.

ORDER - 2

App. 325, 330 (1991).

For due process to be satisfied, a defendant, if not present in the forum, must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 315, (1945). Courts of this circuit employ the following three-part test to analyze whether a party's "minimum contacts" meet the Supreme Court's directive. This "minimum contacts" test is satisfied when (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir.2000). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir.1995).

The plaintiff bears the burden of satisfying the first two prongs of the "minimum contacts" test. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (internal citations omitted). Under the first prong of the "minimum contacts" test, plaintiffs must establish that GM Canada "has performed some act or consummated some transaction within the forum or otherwise purposefully availed [itself] of the privileges of conducting activities in the forum." *Bancroft*, 223 F.3d at 1086. The Ninth Circuit Court of Appeals has refined this test to consider whether the defendant has either (1) "purposefully availed" itself of the privilege of conducting activities in the forum, or (2) "purposefully directed" its activities toward the forum. *Schwarzenegger*, 374 F.3d at 802. Although the courts sometimes use the phrase "purposeful availment" to include both purposeful availment and direction, "availment and direction are, in fact, two distinct concepts." *Id.*

Thus, in order to satisfy the first prong of the "minimum contacts" test, plaintiff must establish either that GM of Canada (1) purposefully availed itself of the privilege of conducting activities in Washington, or (2) that it purposefully directed its activities toward this forum. *Id.* Evidence of availment is, typically, an action taking place in the forum that invokes the benefits and protections of the laws in the forum. *Id.* at 803. Evidence of direction generally consists of actions (such as

ORDER - 3

advertising) taking place outside the forum that is directed at the forum. *Id*.

The Supreme Court has held that a foreign act that is both aimed at and has effect in the forum satisfies the first prong of the specific jurisdiction analysis. *Calder v. Jones*, 465 U.S. 783 (1984). The courts have referred to this holding as the "Calder effects test." *See, e.g., Bancroft*, 223 F.3d at 1087. To satisfy this test the defendant "must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state." *Id*. at 1088 (citing *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir.1998)).

Defendant has submitted an affidavit of a long-time employee, stating that General Motors of Canada does not do, and has never done, business in the State of Washington. Affidavit of Matthew Crossley, Dkt. # 12, ¶ 2. Mr. Crossley explains that at the time of the fatal accident, which was prior to General Motors Corporation's bankruptcy filing on June 1, 2009, GM Canada was a wholly-owned subsidiary of General Motors Corporation. Chevrolet vehicles assembled in Canada by GM Canada were distributed in the United States by General Motors Corporation. *Id*., ¶ 4. GM Canada did not in any way determine or control that distribution; that determination was, prior to the bankruptcy, made entirely by General Motors Corporation. *Id*., ¶ 6. Certification for compliance with United States safety standards were the sole responsibility of General Motors Corporation. *Id*., ¶ 9.

These statements appear to establish that GM Canada neither took nor directed any purposeful actions toward Washington. However, Mr. Crossley's statement that GM Canada does not "do business" in the State of Washington is a legal conclusion, not a fact, and is not conclusive on this issue. Plaintiff has asked for leave to conduct jurisdictional discovery to allow him an opportunity to determine relevant facts which would subject GM Canada to the jurisdiction of this Court. In order to afford plaintiff an opportunity to meet his burden of proving jurisdictional facts, the Court will allow this limited discovery. *America West Airlines, Inc., v. GPA Group, Ltd*., 877 F. 2d 793, 801 (9th Cir. 1989).         Accordingly, it is hereby ORDERED:

(1) Defendant's motion to dismiss (Dkt. # 10) shall be continued for two months to allow plaintiff to conduct jurisdictional discovery. This motion shall be RE-NOTED on the Court's calendar

ORDER - 4

for July 2, 2010.

(2) Plaintiff may file a supplemental memorandum and supporting declarations or exhibits in opposition to the motion to dismiss on or before June 28, 2010. Defendant's supplemental reply shall be due July 2, 2010.

Dated this 5th day of May 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 5